# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ANASTASIA TORRES, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No:  07 C 3702 |
| | ) | |
| AMERICAN AUTOMOTIVE PARTS, | ) | Judge Wayne R. Andersen |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on defendant, American Automotive Parts' ("AAP") motion to dismiss.  Plaintiff, Anastasia Torres filed a Complaint against her employer, AAP, alleging employment discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12201 *et seq*, Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.  For the reasons set forth below, the defendant's motion is granted.

## BACKGROUND

Plaintiff's Complaint alleges that she filed charges against AAP with the EEOC on April 25, 2006.  The EEOC issued a Notice of Right to Sue to plaintiff, which she received on April 9, 2007.  In the Complaint, plaintiff simply alleges, "I have a disability."  Plaintiff claims that AAP discriminated against her because of her alleged disability.  Plaintiff further alleges that AAP terminated her employment in September 2005, failed to reasonably accommodate the plaintiff's disabilities because they "made me stand," retaliated against plaintiff because plaintiff asserted her rights under the ADA and Title VII.  Plaintiff also alleges that AAP "contested mine unemployment benefits."

## DISCUSSION

In ruling on a Rule 12(b)(6) motion to dismiss, the court must draw all reasonable inferences in favor of the plaintiff, construe allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Reg.,* 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). Under Fed. R. Civ. P. 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has interpreted that language to impose two minimal hurdles. "First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *EEOC v. Concentra Health Servs.,* 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007); *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Second, the complaint's allegations "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Concentra Health*, 496 F.3d at 776 (citing *Bell Atlantic,* 127 S. Ct. at 1965, n.14). Finally when considering a pro se complaint, the Supreme Court has held: "a pro se complaint however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

A.      *Plaintiff fails to state a claim for disability discrimination under the ADA.*

Even when viewing the facts alleged in the light most favorable to the plaintiff and taking into account the fact that she is proceeding pro se, it is clear that the Complaint has failed to state a cause of action. Although plaintiff asserts "I have a disability," she does not sufficiently plead the initial element of an ADA claim—that she suffers from a disability *as defined by the ADA. Homeyer v. Stanley Tulchin Assoc.,*91 F.3d 959, 961 (7th Cir. 1996) (emphasis added). The ADA

defines "disability as "a physical or mental impairment that substantially limits one or more of the major life activities of an individual. 42 U.S.C. § 12102(2). "Major life activities" refer to those activities that are of central importance to an individual's daily life, and include "performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 193 (2002). "Substantially limited" means that the person is either unable to perform a major life function or is "significantly restricted as to the condition, manner or duration" under which the individual can perform a particular major life function as compared to the average person in the general population. 29 C.F.R. at 1630.2(j).

Beyond her vague and conclusory statement that she has an undefined disability, plaintiff does not, even in the most general terms, state the nature of her disability. Nor does plaintiff make any showing that this alleged disability substantially limited one of her major life activities. Because of these deficiencies in her complaint, plaintiff fails to plead the initial element for an employment discrimination claim under the ADA. Therefore this claim is dismissed.

Pursuant to § 12112(b)(5)(A) "discrimination" includes failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability…" **In orde**r to make an ADA discrimination claim for failure to accommodate, the plaintiff must allege that that she proposed an accommodation of her disability which is "reasonable in the sense of both efficaciousness and proportionality of costs" *Lynch v. Pomper*, No. 97 C 1388, 1998 WL 673648, at *3 (N.D. Ill. Sept 16, 1998). In this case, plaintiff does not set forth any facts showing that she proposed an accommodation for her alleged disability. Nor is it clear that AAP was even aware that plaintiff had this alleged

disability.   Because of these defects in her Complaint, plaintiff fails to state an ADA

discrimination claim for failure to accommodate.  Therefore this claim is dismissed.

*B. Plaintiff fails to state a claim for retaliation under the ADA and Title VII.*

*Plaintiff fails to state a claim for retaliation under the ADA.  While her Complaint is difficult to decipher, plaintiff appears to allege that she was fired because she asserted her rights under the ADA.  The ADA makes clear, "No person shall discriminate against any individual. . .*

*because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]."  42 U.S.C. § 12203(a).  Even when viewing the facts in the light most favorable to the plaintiff, nothing in the Complaint demonstrates that plaintiff was fired for asserting her rights under the ADA.  As best as can be deduced from the Complaint, plaintiff did not assert her rights under the ADA until April 25, 2006 when she filed charges with the EEOC, seven months after she was fired.  Logically, AAP could not fire the plaintiff for an assertion of rights that came after the termination of plaintiff's employment.  Therefore, plaintiff does not state a claim for retaliation because plaintiff did not assert her rights under the ADA until several months after her employment was terminated by AAP.  Because of this defect in her retaliation claim, plaintiff fails to state a cause of action under the ADA for retaliation.  Nor can plaintiff's 2004 claim for discrimination based on*

national origin serve as a basis for a Title VII retaliation claim as it is currently drafted.  In her

Charge of Discrimination filed with the Illinois Department of Human Rights and later in

"Plaintiff's Motion Not to Dismiss," plaintiff asserts, "I believe I have been discriminated

against because of retaliation, in violation of Title VII of the Civil Rights Act of 1964."  Plaintiff

also alleges in her Complaint that she filed a charge of national origin discrimination against

AAP in 2004.  This charge was subsequently dropped when AAP reinstated her.  It is unclear if

plaintiff is attempting to tie these two allegations together to assert that AAP retaliated against

her in 2006 for her 2004 claim.  If it is plaintiff's intent to make such an allegation, she must

describe the claim "in sufficient detail to give the defendant fair notice of what the claim is and

the grounds upon which it rests."  EEOC v. Concentra Health Servs., 496 F.3d 773, 776 (7th Cir.

2007).  As her Complaint currently reads, plaintiff provides no such notice of the grounds upon

*which her Title VII retaliation claim rests, forcing the court to speculate in an effort to conjure the plaintiff's intent, an undertaking which this court declines to engage in.*

C. *Plaintiff's claim for "other" discrimination does not state a claim upon which relief can be granted.*

*Finally, in her pro se complaint, plaintiff checked a box for "other" violations by the defendant. Next to this box, plaintiff wrote "[AAP] contested mine unemployment benefits." Plaintiff's claim that "[AAP] contested mine unemployment benefits" is unclear because it does not assert the grounds upon which it rests. It is uncertain if plaintiff is making this allegation as part of an ADA discrimination claim, an ADA or Title VII retaliation claim, or some other claim not articulated in the Complaint. Absent further explanation from the plaintiff, this court will have no option but to dismiss this claim for failure to state a claim upon which relief can be granted.*

## *CONCLUSION*

*For the foregoing reasons, defendant's motion to dismiss (#10) is granted. However, because plaintiff is proceeding pro se, she shall have until July 31, 2008 to file an Amended Complaint to replead her allegations and cure the deficiencies in the Complaint. Should plaintiff fail to file an Amended Complaint by July 31, 2008, this case will be dismissed with prejudice. It is so ordered.*

_____
*Wayne R. Andersen*
*United States District Court Judge*

*Dated: June 30, 2008*