IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANASTACIA TORRES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07 C 3702 |
| v. | ) | |
| | ) | Judge Wayne R. Andersen |
| AMERICAN AUTOMOTIVE PARTS, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

This case is before the Court on defendant, American Automotive Parts' ("AAP") motion to dismiss. Plaintiff, Anastasia Torres filed a Complaint against her employer, AAP, alleging employment discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12201 *et seq*, Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. For the reasons set forth below, the defendant's motion is granted.

BACKGROUND

Plaintiff's Complaint alleges that she filed charges against AAP with the EEOC on April 25, 2006. The EEOC issued a Notice of Right to Sue to plaintiff, which she received on April 9, 2007. In the Complaint, plaintiff simply alleges, "I have a disability." Plaintiff claims that AAP discriminated against her because of her alleged disability. Plaintiff further alleges that AAP terminated her employment in September 2005, failed to reasonably accommodate the plaintiff's disabilities because they "made me stand," retaliated against plaintiff because plaintiff

asserted her rights under the ADA and Title VII.  Plaintiff also alleges that AAP "contested mine unemployment benefits."

DISCUSSION

In ruling on a Rule 12(b)(6) motion to dismiss, the court must draw all reasonable inferences in favor of the plaintiff, construe allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint.  *Thompson v. Ill. Dep't of Prof'l Reg.,* 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991).  Under Fed. R. Civ. P. 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Supreme Court has interpreted that language to impose two minimal hurdles.  "First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *EEOC v. Concentra Health Servs.,* 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007); *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).  Second, the complaint's allegations "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court."  *Concentra Health*, 496 F.3d at 776 (citing *Bell Atlantic,* 127 S. Ct. at 1965, n.14).  Finally when considering a pro se complaint, the Supreme Court has held: "a pro se complaint however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erikson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).

*A.    Plaintiff fails to state a claim for disability discrimination under the ADA.*

Even when viewing the facts alleged in the light most favorable to the plaintiff and taking into account the fact that she is proceeding pro se, it is clear that the Complaint has failed to state a cause of action. Although plaintiff asserts "I have a disability," she does not sufficiently plead the initial element of an ADA claim—that she suffers from a disability *as defined by the ADA*. *Homeyer v. Stanley Tulchin Assoc.,* 91 F.3d 959, 961 (7th Cir. 1996) (emphasis added). The ADA defines "disability as "a physical or mental impairment that substantially limits one or more of the major life activities of an individual. 42 U.S.C. § 12102(2). "Major life activities" refer to those activities that are of central importance to an individual's daily life, and include "performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 193 (2002). "Substantially limited" means that the person is either unable to perform a major life function or is "significantly restricted as to the condition, manner or duration" under which the individual can perform a particular major life function as compared to the average person in the general population. 29 C.F.R. at 1630.2(j).

Beyond her vague and conclusory statement that she has an undefined disability, plaintiff does not, even in the most general terms, state the nature of her disability. Nor does plaintiff make any showing that this alleged disability substantially limited one of her major life activities. Because of these deficiencies in her complaint, plaintiff fails to plead the initial element for an employment discrimination claim under the ADA. Therefore this claim is dismissed.

Pursuant to § 12112(b)(5)(A) "discrimination" includes failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability…" In order to make an ADA discrimination claim for failure to accommodate,

the plaintiff must allege that that she proposed an accommodation of her disability which is "reasonable in the sense of both efficaciousness and proportionality of costs." *Lynch v. Pomper*, No. 97 C 1388, 1998 WL 673648, at *3 (N.D.IL. Sept 16, 1998). In this case, plaintiff does not set forth any facts showing that she proposed an accommodation for her alleged disability. Nor is it clear that AAP was even aware that plaintiff had this alleged disability. Because of these defects in her Complaint, plaintiff fails to state an ADA discrimination claim for failure to accommodate. Therefore this claim is dismissed.

B.    *Plaintiff fails to state a claim for retaliation under the ADA and Title VII.*

Plaintiff fails to state a claim for retaliation under the ADA. While her Complaint is difficult to decipher, plaintiff appears to allege that she was fired because she asserted her rights under the ADA. The ADA makes clear, "No person shall discriminate against any individual. . . because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. § 12203(a). Even when viewing the facts in the light most favorable to the plaintiff, nothing in the Complaint demonstrates that plaintiff was fired for asserting her rights under the ADA. As best as can be deduced from the Complaint, plaintiff did not assert her rights under the ADA until April 25, 2006 when she filed charges with the EEOC, seven months after she was fired. Logically, AAP could not fire the plaintiff for an assertion of rights that came after the termination of plaintiff's employment. Therefore, plaintiff does not state a claim for retaliation because plaintiff did not assert her rights under the ADA until several months *after* her employment was terminated by AAP. Because of this defect in her retaliation claim, plaintiff fails to state a cause of action under the ADA for retaliation.

Nor can plaintiff's 2004 claim for discrimination based on national origin serve as a basis for a Title VII retaliation claim as it is currently drafted. In her Charge of Discrimination filed with the Illinois Department of Human Rights and later in "Plaintiff's Motion Not to Dismiss," plaintiff asserts, "I believe I have been discriminated against because of retaliation, in violation of Title VII of the Civil Rights Act of 1964." Plaintiff also alleges in her Complaint that she filed a charge of national origin discrimination against AAP in 2004. This charge was subsequently dropped when AAP reinstated her. It is unclear if plaintiff is attempting to tie these two allegations together to assert that AAP retaliated against her in 2006 for her 2004 claim. If it is plaintiff's intent to make such an allegation, she must describe the claim "in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *EEOC v. Concentra Health Servs.,* 496 F.3d 773, 776 (7th Cir. 2007). As her Complaint currently reads, plaintiff provides no such notice of the grounds upon which her Title VII retaliation claim rests, forcing the court to speculate in an effort to conjure the plaintiff's intent, an undertaking which this court declines.

C.    *Plaintiff's claim for "other" discrimination does not state a claim upon which relief can be granted.*

Finally, in her pro se complaint, plaintiff checked a box for "other" violations by the defendant. Next to this box, plaintiff wrote "[AAP] contested mine unemployment benefits." Plaintiff's claim that "[AAP] contested mine unemployment benefits" is unclear because it does not assert the grounds upon which it rests. It is uncertain if plaintiff is making this allegation as part of an ADA discrimination claim, an ADA or Title VII retaliation claim, or some other claim not articulated in the Complaint. Absent further explanation from the plaintiff, this court will

have no option but to dismiss this claim for failure to state a claim upon which relief can be granted.

D.     *Suggestions for Amending Complaint*

The plaintiff shall have until August 1, 2008 to file an amended complaint to replead her allegations and cure the deficiencies in the Complaint.  In order for plaintiff to correct the defects in her complaint and survive a motion to dismiss, the court offers the following suggestions:

*1. Disability Discrimination*

When stating a claim for disability discrimination under the ADA, plaintiff must allege the general nature of her disability.  It is not sufficient to state only "I have a disability."  While plaintiff need not describe in explicit detail the nature of her disability, she must state some facts that prove that this disability "substantially limited one or more of [her] major life activities."  42 U.S.C. § 12102(2).  In her amended complaint, plaintiff must describe her disability and some facts that prove that this disability substantially limits one or more of her major life activities.  If plaintiff does not describe her disability and show how it limits a major life activity, the claim will be dismissed with prejudice.

Furthermore, if plaintiff is attempting to make a discrimination claim under the ADA because her employer failed to make reasonable accommodations for her disability, plaintiff must allege some facts that she proposed an accommodation for her disability that is "reasonable in the sense of both efficaciousness and proportionality of costs."  *Lynch v. Pomper*, No. 97 C 1388, 1998 WL 673648, at *3 (N.D.IL. Sept 16, 1998).  If in her amended complaint plaintiff fails to make any allegations that she proposed to her employer a reasonable accommodation of her disability, the claim will be dismissed with prejudice.

### 2. *Retaliation*

In order to state a claim for retaliation under the ADA or Title VII, plaintiff must allege three things.  First, she must show that she engaged in a statutorily protected expression. *Oates v. Discovery* Zone, 116 F.3d 1161, 1172 (7th Cir. 1997).  Examples of such protected expression include asserting one's rights under the ADA or Title VII by filling a complaint with the EEOC or other government agencies or by filling a lawsuit against an employer for discrimination.  42 U.S.C.§ 12203(a).  Second, plaintiff must show that she suffered an adverse employment action.  *Oates,* 116 F.3d at 1172.  The question of whether an employee suffered an adverse employment action depends on the facts of each situation.  *Bryson v. Chicago State Univ.*, 96 F.3d 912, 916 (7th Cir. 1996).  Materially adverse actions might include termination of employment, a demotion, a salary decrease, a less distinguished title, a material loss of benefits, or a significant decrease in responsibilities.  *Crady v. Liberty Nat'l bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993).  Third, plaintiff must allege that there is some causal link between the protected expression and the adverse employment action.  *Oates,* 116 F.3d at 1172.  If in her amended complaint plaintiff does not allege all of these three necessary elements of her retaliation claim, the claim will be dismissed with prejudice.

### 3. *"Other" Discrimination*

Finally, with regard to plaintiff's claim for "other" discrimination, plaintiff must clarify if she is making this allegation as part of an ADA discrimination claim, an ADA or Title VII retaliation claim, or some other claim not articulated in the Complaint.  Plaintiff must then allege all necessary elements of whichever claim she elects to bring.  Failing any such clarification, plaintiff's claim will be dismissed with prejudice.

CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (#10) is granted. However, because plaintiff is proceeding pro se, she shall have until July 30, 2008 to file an Amended Complaint to replead her allegations and cure the deficiencies in the Complaint. Should plaintiff fail to file an Amended Complaint by July 30, 2008, this case will be dismissed with prejudice. This case is set for status at 9:00am on July 31, 2008 in courtroom 1403.

_____
                   Wayne R. Andersen
             United States District Court

Dated: July 2, 2008